Susan T. Ye, Bar No. 281497
sye@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando Street
7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorney for Defendant
TEXAS TEACHERS OF TOMORROW, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEREMY GOODREAU,<br><br>Plaintiff,<br><br>vs.<br><br>TEXAS TEACHERS OF TOMORROW, LLC and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. § 1332, 1441, & 1446]**<br><br>Complaint Filed: July 3, 2025 |

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Texas Teachers of Tomorrow, LLC ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

**I.      STATEMENT OF JURISDICTION**

1.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 because complete diversity exists among the parties, and the amount in controversy exceeds $75,000.

**II.     PLEADINGS AND PROCESS**

2.      On July 3, 2025, Plaintiff Jeremy Goodreau ("Plaintiff) filed a civil complaint ("Complaint") against Defendant Texas Teachers of Tomorrow, LLC and Does 1-100 in Alameda County Superior Court, fashioned *Jeremy Goodreau, an individual, Plaintiff, vs. Texas Teachers of Tomorrow, LLC, and DOES 1 through 100, inclusive, Defendants*, Case No. 25CV129908 (the "State Court Action"). (Declaration of Susan T. Ye ("Ye Decl.") ¶ 2, Ex. A.)

3.      The Complaint alleges the following six causes of action: (1) Whistle Blowing Retaliation; (2) Retaliation; (3) Failure to Prevent Retaliation; (4) Failure to Furnish Complete and Accurate Itemized Wage Statements; (5) Failure to Pay Overtime; (6) Failure to Pay All Wages Upon Termination; (7) Failure to Reimburse For Necessary Business Expenses – Labor Code § 2802. Plaintiff seeks an order for a monetary judgment representing compensatory damages including lost wages, earning, overtime, employee benefits, and all other sums of money, together with interest on these amounts; an award of punitive damages; a monetary judgment for emotional pain and suffering; unpaid wages including lost benefits; statutory waiting time penalties, including those available under Labor Code section 203; damages under Labor Code section 226(e); reimbursement of expenses and money used to pay increased taxes due to being misclassified as a contractor; an order voiding the Texas Choice of Law and Texas Choice of Venue clause pursuant to Labor Code section 925 and Plaintiff's reasonable attorneys' fees and costs for enforcing his rights under section 925; reasonable attorneys' fees and costs of suit; prejudgment

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

and post-judgment interest; economic damages and noneconomic damages; and other and further relief as the court deems just and proper. (*See* Compl., Prayer for Relief.)

4. On July 16, 2025, Plaintiff served Defendant with the following documents: Summons, Complaint, Notice of Case Assignment, Notice of Case Management Conference, Certificate of Mailing, Civil Case Cover Sheet. (Ye Decl. ¶ 2, Ex. A.)

5. On August 15, 2025, Defendant filed and served an answer to Plaintiff's Complaint. (Ye Decl. ¶ 4, Ex. B)

6. Pursuant to 28 U.S.C. § 1446(d), and to the best of Defendant's knowledge, a true and correct copy of all pleadings served upon Defendant are attached as Exhibits A through C to the Ye Declaration. (Ye Decl., Exs. A-C). To Defendant's knowledge, the documents attached to the Declaration of Susan T. Ye constitute all process, pleadings, and orders served upon Defendant or filed in the State Court Action by Defendant. (Ye Decl. ¶ 5.) As of the date of this Notice of Removal, no other parties have been named/served with the Summons and Complaint in this action. (Ye Decl. ¶ 3.) To Defendant's knowledge, none of the Doe Defendants have been identified or served to date. (*Id.*) Because the Doe Defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal. *See Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state court action need not join in the notice of removal).

### III.     TIMELINESS OF REMOVAL

7. The notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from service of the summons and complaint). Service of Plaintiff's Complaint was effected on July 16, 2025. As such, this Notice of Removal is timely since it is filed within thirty days of July 16, 2025.

8. On August 15, 2025, Defendant filed with the state court, and intends to serve on Plaintiff's counsel, Ashwin Ladva and Scott Nakama of Ladva Law Firm, located at 530 Jackson St., 2nd floor, San Francisco, CA 94133, a copy of the Notice to State Court and Adverse Parties of Removal of Civil Action to Federal Court. (Ye Decl. ¶ 6, Ex. C).

///

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

## IV. DIVERSITY JURISDICTION

9. This Court has subject matter jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action in which the Defendant is not a citizen of the State in which such action is brought, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. The Amount in Controversy Exceeds $75,000.

10. Plaintiff's Complaint does not specify the amount Plaintiff seeks to recover from Defendant in this action. Where removal is based on diversity of citizenship, and the initial pleading seeks a money judgment, but does not demand a specific sum, "the notice of removal may assert the amount in controversy" (28 U.S.C. § 1446(c)(2)), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Here, as the Complaint does not indicate a total amount of damages claimed, consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez*, 102 F.3d at 404, 405. By demonstrating that the actual amount in controversy placed at issue by Plaintiff exceeds the $75,000 threshold, however, Defendant does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

12. The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 83 (citing 28 U.S.C. § 1446(a)). Moreover, removing defendants need not submit evidence to support their notice of removal, unless such amount is contested by the plaintiff or questioned by the Court. *See id.* at

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

89. As such, Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *See id.* However, even if an evidentiary showing were required, Defendant only need to show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *See id.* at 88, 89. Importantly, the Court in *Dart Cherokee* recognized that there is no anti-removal presumption. *Id.* at 89. While the number and types of Plaintiff's claims clearly demonstrate that the amount in controversy is exceeded, out of an abundance of caution, Defendant provides greater detail below, which clearly establishes that the amount in controversy placed at issue by Plaintiff exceeds $75,000.

13. It can be reasonably concluded from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000.

14. Plaintiff alleges he began working for Defendant Teachers of Tomorrow, LLC as an independent contractor on March 17, 2021. (Compl. ¶ 10.)

15. Plaintiff alleges that he worked full time for Defendant from 2022 to 2024, during the entirety of which he purportedly was misclassified as an independent contractor. (Compl. ¶¶ 10, 10(h)-(k), 11.)

16. Plaintiff alleges that in an addendum to the 2021 contract signed by both parties in October 2023, Plaintiff was to be compensated at a monthly rate of $6,500 for an average of 30 hours of work per week, with provisions allowing for prorated invoices if Plaintiff is unable to meet the agreed hours. (Compl. ¶ 10(k).)

17. Plaintiff alleges that Defendant denied him compensation for a cancelled statement of work, worth $4,000. (Compl. ¶¶ 17, 34.)

18. Plaintiff alleges that Defendant notified Plaintiff on July 31, 2024 that it would not renew his employment contract that expired on July 25, 2024. (Compl. ¶ 19.) Plaintiff contends that the non-renewal of his contract as well as the cancellation without cause of an additional contract for Plaintiff to perform work for Defendant in the amount of $4,000 dollars qualifies as an adverse employment for his retaliation claims. (*See id.*)

19. Should Plaintiff prevail on his retaliation claims, he potentially could recover lost wages from July 25, 2024 (the date on which he claims Defendant did not renew his contract for $6,500 monthly

rate), through trial.[1] (Compl., Prayer for Relief ¶¶ 1, 4.) Assuming trial concludes at the end of June 2027, that amounts to 35 months of lost wages, which totals **$231,500** ([$6,500 per month X 35 months] + $4,000) in back pay alone. *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."). Even considering the provision allowing for prorated invoices, if Plaintiff prorates his invoices for just half of the $6,500 ($3,250), his back pay alone would total to **$117,750** ([$3,250 per month X 35 months] + $4,000), still exceeding $75,000.

20. In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (awarding four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (awarding ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the low end permitted of three years following trial, the amount of future wages in controversy in this case would total at least an additional **$117,000** ($3,250 per month X 12 months X 3 years) **to $234,000** ($6,500 a month X 12 months X 3 years). Thus, if trial in this matter concludes at the end of June 2027, it may reasonably be estimated that Plaintiff's claims of back pay, plus front pay, alone would total an estimated **$230,750** ($113,750 [back pay for 35 months of lost wages at $3,250 per month] + $117,000 [front pay at $3,250 per month X 12 months X 3 years]) **to $461,500** ($227,500 [back pay for 35 months of lost wages at $6,500 per month] + $234,000 [front pay at $6,500 per month X 12 months X 3 years]) in lost wages.

21. Plaintiff also alleges emotional distress and punitive damages. (Compl. ¶ 36; Prayer for Relief ¶ 3.) Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). These categories of damages must be considered when calculating the amount in controversy even if no such damages are clearly pled in the complaint. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Richmond v. All State Ins.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

---

[1] Notwithstanding the fact that it is not expressly prayed for in the Prayer for Relief, Plaintiff's own pleading concedes at least the following amount in controversy as what he was owed by way of his purported internal complaint on or about July 31, 2024: $55,282 (lost benefits) + $10,150 (estimated overpaid taxes) + $10,000 (estimated overtime and PTO) + $10,000 (estimated working expenses) + $4,000 (estimated lost curriculum contract), **totaling $89,432.** (Compl. ¶ 17.) If he complained about these monies in July 2024, it stands to reason that anything outstanding and disputed among them is in controversy.

22. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g.*, *Gardenhire v. Hous. Auth. of L.A.*, 85 Cal. App. 4th 236, 240-41 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Flores v. Office Depot Inc.*, No. BC556173, 2017 WL 773850 (Cal. Super. Ct. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages). Indeed, in determining the amount in controversy, the Court may consider damages awards in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In *Kroske*, the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980; *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1040 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish."). Using *Kroske* as a considerably conservative baseline, the emotional distress component of Plaintiff's claims here could add at least $25,000 to the amount in controversy, if not significantly more.

23. Likewise, plaintiffs in employment cases have been awarded substantial punitive damages. *See, e.g.*, *Simmons*, 209 F. Supp. 2d at 1033. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, governing such damages. Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

24. Plaintiff's whistleblower retaliation claim under California Labor Code section 1102.5 also affords a prevailing employee civil penalties in the amount of $10,000, in addition to the other remedies associated with retaliation outlined above. *See* Cal. Lab. Code § 1102.5(f).

25. Lastly, Plaintiff seeks attorney's fees. (Compl., Prayer for Relief, ¶¶ 8, 9.) Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA, the trial court, in its discretion, may award to the prevailing party reasonable attorney's fees. *See* Cal.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

1  Gov't Code § 12965(c)(6).

2  26. Where the underlying statutes entitle a prevailing plaintiff to an award of reasonable attorney's fees, such fees must be included in the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."); *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

27. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *7 (C.D. Cal. Mar. 3, 2015). In employment law cases, fee awards can be high. This amount alone can sometimes eclipse the $75,000 jurisdictional minimum amount in controversy. *See, e.g., Amochaev v. Citigroup Global Markets Inc.*, No. 05CV01298(PJH), 2008 WL 3892291 (N.D. Cal. 2008) ($6.5 million in attorney's fees awarded in retaliation case); *E.E.O.C. v. Albion River Inn Inc.*, No. 06CV05356(SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorney's fees in single-plaintiff case that included claim for wrongful termination).

28. "Recent estimates for the number of hours expended through trial for employment cases [. . .] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Sasso*, 2015 WL 898468, at *6 (emphasis added). Thus, Plaintiff's demand for attorney's fees adds, at minimum, **$30,000** to the amount in controversy, which is a very conservative estimate. *See Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418, 1437 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, 2017 WL 2402841 (L.A. Super. Ct. 2017) (awarding $375,568 in attorneys' fees in FEHA action). Nevertheless, Defendant does not include an estimate of the recovery for attorney's fees sought, despite the fact that this amount would represent a considerable proportion of any recovery by Plaintiff, which would add significantly to the total amount in controversy.

29. In sum, although Defendant does not concede that Plaintiff's claims have any merit, based

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

1  on the foregoing, the amount in controversy here—which Defendant conservatively calculates by taking
2  into account only the back pay portion of his lost wages—is upward of **$117,000**, without considering the
3  compensatory damages derived from his various California Labor Code claims, as a result of his alleged
4  misclassification.  Thus, the preponderance of evidence shows that the sum of Plaintiff's potential
5  recovery easily exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs.
6  Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy
7  exceeds $75,000, exclusive of interests and costs, and because complete diversity exists between Plaintiff
8  and Defendant (as detailed below).  As such, the United States District Court for the Northern District of
9  California has original jurisdiction over this matter, and removal is authorized under 28 U.S.C. § 1441(b).

### B.  Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

30. <u>Plaintiff is a citizen of California</u>.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain, or to which he intends to return.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

31. Defendant is informed and believes that, at the time he commenced the State Action, Plaintiff was, and still is, a citizen of the State of California, residing in Oakland. (Compl. ¶ 12.) *See e.g.*, *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides *prima facie* case of domicile).  Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

32. <u>Defendant is not a citizen of California</u>.  For diversity purposes, the citizenship of a limited liability company is the citizenship of its members.  *See Carden v. Arkoma Assocs*., 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (recognizing the general rule in the Ninth Circuit that "an LLC is a citizen of every state of which its owners/members are citizens.").

33. Defendant Texas Teachers of Tomorrow, LLC is a single-member LLC.  Its sole member is Teachers of Tomorrow, LLC, meaning Teachers of Tomorrow, LLC wholly owns Defendant.  Teachers of Tomorrow, LLC is a limited liability company organized under the laws of the State of Delaware, with

its principal place of business in Houston, Texas. At all relevant times, none of the members with ownership interest in Teachers of Tomorrow, LLC has been organized or incorporated under the laws of California or had its principal place of business in California. In turn, the citizenship of Teachers of Tomorrow, LLC determines the citizenship of Defendant Texas Teachers of Tomorrow, LLC. *See Johnson*, 437 F.3d at 899. Because Defendant Texas Teachers of Tomorrow, LLC's citizenship is that of its sole member, at all relevant times, Defendant has not been a citizen of California for the purposes of diversity jurisdiction.

34. <u>The Doe Defendants should be disregarded.</u> The Complaint names Defendants DOES 1 through 100, which are fictitious. The Complaint does not set forth the identity of, or any allegations against, these Doe Defendants as individuals. The presence of Doe Defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

35. Accordingly, Plaintiff is a citizen of California, and Defendant Texas Teachers of Tomorrow, LLC is a citizen of Texas for purposes of this Court's diversity jurisdiction. Therefore, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

**V.    VENUE**

36. The Superior Court of the State of California, County of Alameda is located within the territory of the United States District Court for the Northern District of California. 28 U.S.C. § 84(a). Venue is proper in this Court because it is the district and division embracing the place where the State Court Action is pending at the time of removal. *See* 28 U.S.C. § 1391, 1441(a), and 1446(a).

**VI.    NOTICE TO STATE COURT AND ADVERSE PARTY**

37. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of Alameda County Superior Court. Notice of Compliance shall be filed promptly afterwards with this Court

**VII.    CONCLUSION AND REQUESTED RELIEF**

38. In the event this Court has questions or requires further comment regarding the propriety

of this Notice of Removal, Defendant respectfully requests that this Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this Removal.

**WHEREFORE**, Defendant removes the above-captioned action to the United States District Court for the Northern District of California.

Dated: August 15, 2025

LITTLER MENDELSON, P.C.

*/s/ Susan T. Ye*
Susan T. Ye

Attorney for Defendant
TEXAS TEACHERS OF TOMORROW, LLC

4911-5142-0505.2 / 130411.1001